Stephen CLOROFILLA,
Plaintiff–Appellant,

v.

TOWN OF NEW CASTLE, New York, New Castle Police Department, Gennaro Faiella, Robert Breen, James Baynes, John Vize, Defendants–Appellees.

No. 03–9358.

United States Court of Appeals, Second Circuit.

Aug. 12, 2004.

Alan E. Wolin, Jericho, NY, for Appellant.

John F. McKay, III, Lake Success, NY, for Appellees.

Present: JACOBS, B.D. PARKER, and HALL, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff–Appellant Stephen Clorofilla appeals from the dismissal, for failure to state a claim, of his complaint asserting Title VII and other federal and state claims against the Town of New Castle and related defendants (collectively, "New Castle"). The district court ruled that a release signed by Clorofilla precluded his pursuit of the federal claims asserted and refused to exercise pendent jurisdiction over the remaining state-law claims. We affirm for substantially the reasons articulated by the district court.

Clorofilla joined the New Castle Police Department ("NCPD") in 1979. In 1995 he was injured in a car accident that he alleges left him disabled in February 2001, when he stopped working. Clorofilla had not yet returned from disability leave a year later, when he agreed to retire from the NCPD with full retirement benefits and the Department's promise to drop any charges then pending against him. Clorofilla and his lawyer signed a release which "release[d] and discharge[d]" New Castle, the NCPD and all other defendants from any and all claims arising out of his employment, including, but not limited to claims he might have brought pursuant to § 1983 and the United States Constitution. For its part, the Town agreed that it would not raise Clorofilla's voluntary departure as a defense to any workers compensation claim then pending.

Three weeks after Clorofilla retired from the NCPD, the New York State Workers' Compensation Board ordered the Department to continue making payments to Clorofilla at a "partial disability rate of $400 per week." In a move that Clorofilla claims breached the release, the Town petitioned the Board to suspend the payments on the ground of voluntary separation.

Clorofilla filed the underlying civil-rights action alleging that New Castle petitioned the Board in "retaliation" for his having filed the workers compensation claim, as well as national-origin discrimination,

state-law breach of contract, and other claims.

We review *de novo* a district court's decision to dismiss an action on the pleadings. As the district court properly held, the release—which specifies § 1983 and the federal Constitution as sources of potential causes of action precluded by its terms—bars the underlying federal claims, all of which arise out of his employment with the NCPD. With respect to the remaining state-law claims, it is firmly settled that "[w]hen all bases for federal jurisdiction have been eliminated from a case so that only pendent state claims remain, the federal court should ordinarily dismiss the state claims." *Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir.1988).

Clorofilla invokes (i) the "totality of the circumstances" test, *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 438 (2d Cir.1998); and (ii) the "specter of fraud in the inducement" to evade the release, but his arguments are meritless. Clorofilla and his attorney signed a release supported by ample consideration; the Town's alleged breach does not invalidate the release or Clorofilla's knowing and voluntary assent to it.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**